# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RAYMOND G. JACKSON,

            Plaintiff,

v.

C.C.A./C.C.F. and WALTER FULTON,

            Defendants.

Civil Action No. 06-1241-CKK

## DEFENDANTS, CORRECTIONS CORPORATION OF AMERICA AND WALTER FULTON'S, ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Corrections Corporation of America and Warden Fulton, for their answer to Plaintiff's Complaint, admit, deny and allege as follows:

These answering Defendants deny each and every allegation of Plaintiff's Complaint which is not specifically admitted, denied or otherwise plead to.

### AS TO "COMPLAINT"

Defendants deny the allegations set forth in the Complaint and further state that they are not responsible for providing medical care to inmates incarcerated at Correctional Treatment Facility.

These answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Plaintiff's Complaint and therefore deny same.

### AFFIRMATIVE DEFENSES

1.      As a separate defense, or in the alternative, Defendants allege that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), thereby warranting dismissal of this case.

1685922.1

2. As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiff was comparatively negligent, which would diminish or eliminate Plaintiff's right to recover under certain claims for relief against these answering Defendants.

3. As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages, if any, were the result of the negligence of someone other than these answering Defendants, thereby reducing or eliminating any damages owed by these answering Defendants.

4. As a separate defense, or in the alternative, this answering Defendant alleges that the actions or inactions alleged on the part of these answering Defendants were not the proximate cause of any injuries, losses and damages to Plaintiff.

5. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's allegations arose as a result of Plaintiff's own negligence, not the acts or omissions of these answering Defendants, thereby warranting dismissal of this lawsuit.

6. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's injuries may be the result of pre-existing injuries or medical conditions unrelated to those alleged to have occurred in the subject accident which may bar recovery or reduce recovery to the Plaintiff herein from these answering Defendants.

7. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

8. As a separate defense, or in the alternative, Defendants allege that the actions of its employees were objectively reasonable under the circumstances and they were acting in good faith and without malice.

9. As a separate defense, or in the alternative, these answering Defendants allege that their conduct was not negligent and did not violate the applicable standard of care.

10. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff did not suffer any injuries or damage for which he may recover from these answering Defendants.

11. As a separate defense, or in the alternative, this answering Defendant alleges that their actions or inactions were not the proximate cause of the injuries, losses and damages.

12. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's allegations arose as a result of Mr. Johnson's conduct, not the act or omissions of this answering Defendant, thereby warranting dismissal of this lawsuit.

13. As a separate defense, or in the alternative, this answering Defendant alleges that they acted in good faith and without malice at all times and their actions were objectively reasonable under all the circumstances.

14. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff failed to mitigate his damages, thereby reducing or eliminating any damages owed by this answering Defendant.

15. As a separate defense, or in the alternative, Defendants allege that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the federally protected rights of others.

16. As a separate defense, or in the alternative, Defendants allege that Plaintiff suffered no actual injury in regard to certain claims contained in Plaintiff's Complaint, therefore warranting dismissal of these claims.

17. As a separate defense, or in the alternative, Plaintiff has failed to sufficiently allege that CCA had a custom, and policy or practice which was the moving force behind the alleged violations to Plaintiff's constitutional rights.

18. As a separate defense, or in the alternative, Defendants allege that they did not consciously disregard a substantial threat to Plaintiff's safety or medical care, which resulted in injury.

19. As a separate defense, or in the alternative, Defendants allege that they did not deliberately deny and delay medical care to Plaintiff, knowing that such a denial would cause injury to the Plaintiff, aggravate a pre-existing injury or adversely affect a medical prognosis.

20. As a separate defense, or in the alternative, Defendants allege that they did not act with deliberate indifference to Plaintiff's medical concerns in this matter.

21. Although Defendants do not presently have facts in support of the following defenses, Defendants wish to assert the following defenses should subsequent discovery reveal these defenses are appropriate. Specifically, the following affirmative defenses set forth in Rule 8(c), F.R.C.P. and Rule 12, including but not limited to: arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, release, res judicata, waiver, insufficiency of process and insufficiency or service of process.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that they be dismissed, that Plaintiff take nothing, and that Defendants be awarded their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### JURY DEMAND

Defendants requests a jury on all triable issues.

Dated: September 27th, 2006            Respectfully submitted,

JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Tel:    (602) 263-1700


By:   s/Daniel P. Struck
       Daniel P. Struck, Bar No. CO0037

LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia  22314
Tel:    (703) 684-8007
Kevin L. Newsome, Bar No. 439206
Megan S. Ben'Ary, Bar No. 493415

Attorneys for Defendants C.C.A./C.T.F. and Fulton

1685922.1

**CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of Defendant CCA/CTF and Walter Fulton's Answer to Plaintiff's Complaint was electronically filed, this  27th  day of September, 2006 and a copy mailed, first-class postage pre-paid to:

Raymond G. Jackson (Reg. No. 27973-016)
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, Maryland 21501

  s/Letitia L. Wright