IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND G. JACKSON,<br><br>              Plaintiff,<br><br>     v.<br><br>C.C.A./C.C.F. and WALTER FULTON,<br><br>              Defendants. | Civil Action No. 06-1241-CKK |

## REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to Local Rule 16.3(b)(3), counsel for Defendants are exempt from the meet and confer requirement in "an action brought without counsel by a person in custody of the United States, a state, or a state subdivision." Despite this exemption, counsel for CCA and Walter Fulton (hereinafter "Defendants") submit the following report to assist the court with the scheduling in this case.

## STATEMENT OF THE CASE

In his Complaint, Plaintiff alleges medical negligence and violations of his Eighth Amendment Rights. Plaintiff alleges: (1) that he was given the wrong medication and/or there was a delay in his receipt of certain medications; (2) he was wrongfully denied a bottom bunk; and (3) $134.97 of his property was lost or stolen. Defendants dispute the factual predicate of all of Plaintiff's claims, and dispute that they are liable to Plaintiff under either law or fact.

      1.     <u>Status of Dispositive Motions</u>: There are no dispositive motions pending at this time. At this time, the Defendants believe that it is premature to determine whether any of Plaintiff's claims can be disposed of by dispositive motion.

  2. <u>Amended Pleadings</u>:  Defendants believe that it is premature to determine whether it will be necessary to join third parties or amend the pleadings.

  3. <u>Assignment to a Magistrate Judge</u>:  Defendants do not believe that this matter should be assigned to a magistrate judge.

  4. <u>Settlement Possibility</u>:  At this time, the Defendants do not have enough information to determine whether settlement could be a possibility.  Plaintiff has indicated to counsel that he has documents supporting his claims, but that he will provide them at trial, for a jury to consider.  It is necessary for Defendants to obtain this information before settlement can be discussed.

  5. <u>Alternative Dispute Procedures</u>:  Due to the fact that Plaintiff is currently incarcerated, alternative dispute procedures may prove difficult to coordinate.  Depending upon the discovery obtained, mediation could be fruitful in this matter.

  6. <u>Dispositive Motions</u>:  Defendants suggest that any dispositive motions should be filed within 45 days of the close of discovery, and any opposition to that motion should be filed within 30 days of the filing of the motion, and that any reply should be filed within 21 days of the filing of the opposition.

  7. <u>Initial Disclosures</u>:  Defendants suggest that the disclosure rules found in Rule 26(a)(1), Fed. R. Civ. P., apply.

  8. <u>Discovery</u>:  Defendants suggest September 2, 2007, as the discovery deadline.

  9. <u>Experts</u>:  Defendants suggest that Plaintiff serve any expert witness reports and the information pursuant to Rule 26(a)(2), Fed. R. Civ. P., by April 2, 2007.  Defendants

suggest that they serve any expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P., by May 2, 2007.

      10.    <u>Class Action Procedures</u>:  Not applicable.

      11.    <u>Bifurcation of Discovery or Trial</u>:  The trial and/or discovery should not be bifurcated or managed in phases.

      12.    <u>Proposed Date for the Pretrial Conference</u>:  If no dispositive motions are filed following the close of discovery, the Defendants request that a pre-trial conference be scheduled 30 to 60 days after discovery closes.  However, if a dispositive motion is filed following the close of discovery, the parties request that a pre-trial conference be scheduled on or after thirty days following a decision on the dispositive motion(s).

      13.    <u>Trial Date</u>:  Defendants suggest that a trial date should be set at the pretrial conference.

Dated: October ____, 2006          Respectfully submitted,

                                JONES, SKELTON & HOCHULI, P.L.C.
                                2901 North Central Avenue, Suite 800
                                Phoenix, Arizona  85012
                                Tel:    (602) 263-1700

                                By:   s/Daniel P. Struck
                                     Daniel P. Struck, Bar No. CO0037

                                LECLAIR RYAN, A PROFESSIONAL
                                CORPORATION
                                225 Reinekers Lane, Suite 700
                                Alexandria, Virginia  22314
                                Tel:    (703) 684-8007
                                Kelvin L. Newsome, Bar No. 439206
                                Megan S. Ben'ary, Bar No. 493415

                                *Attorneys for Defendants C.C.A./C.T.F. and Fulton*

1703365.1

>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>__/s/Nicole L. Lynch_____
>NICOLE L. LYNCH [471953]
>Section Chief
>General Litigation § II
>
>BY:   __/s/E. Louise R. Phillips_____
>E. LOUISE R. PHILLIPS [422074]
>Assistant Attorney General
>441 4th Street, N.W., Sixth Floor South
>Washington, D.C.  20001
>(202) 724-6519, (202) 724-6669
>louise. phillips@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of Defendant CCA/CTF and Walter Fulton's Report of Local Rule 16.3 Conference was electronically filed, this _20th__ day of October, 2006 and a copy mailed October 23, 2006, first-class postage pre-paid to:

Raymond G. Jackson (Reg. No. 27973-016)
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, Maryland 21501


  s/Letitia L. Wright