IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND G. JACKSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CCA/CTF and WALTER FULTON,<br><br>　　　　　　Defendants. | Civil Action No. 06-1241-CKK |

**MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT [DCK # 22]**

　　Defendants Corrections Corporation of America ("CCA") and Walter Fulton, through counsel, move, for the reasons set forth in the following Memorandum of Points and Authorities, to Strike Plaintiff's Amended Complaint (Dck #22).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.　　BACKGROUND**

　　Plaintiff filed suit against Corrections Corporation of America/Correctional Treatment Facility and Walter Fulton on July 11, 2006 alleging that (1) he was given the wrong medication and/or there was a delay in the receipt of certain medications; (2) he was wrongfully denied a bottom bunk; and (3) $134.97 of his property was lost or stolen. Defendants CCA and Fulton timely answered the complaint on September 27, 2006. The Court entered a Scheduling and Procedures Order on November 21, 2006, which requires that "**Motions to Amend pleadings and/or to join additional parties** shall be due on or before February 23, 2007." Order at 6.

　　On January 8, 2007, the Clerk received and docketed Plaintiff's Amended Complaint. This unsigned, Amended Complaint seemingly seeks to dismiss Defendant Fulton and add another Defendant, dismiss Plaintiff's property claims, and add three new allegations that (1)

Plaintiff was improperly denied of a second mattress; (2) Plaintiff was kept in a flooded cell; and (3) Plaintiff was kept in a cell with no air conditioning. Plaintiff failed to seek consent of counsel to amend his complaint and failed to serve a copy of his Amended Complaint upon defense counsel. Nevertheless, without receiving an appropriate order from this Court, the Clerk accepted and "filed" the Amended Complaint, terminating Defendants CCA/CTF and Walter Fulton on January 8, 2006, and adding Defendants Center for Correctional Health and Policy Studies, Inc. and Correctional [sic] Corporation of America.

II. **PLAINTIFF'S AMENDED COMPLAINT FAILS TO COMPLY WITH BOTH THE FEDERAL RULES OF CIVIL PROCEDURE AS WELL AS THE LOCAL CIVIL RULES**

Plaintiff's Amended Complaint, as "filed" is defective as it fails to comply with several Federal and Local Rules of Civil Procedure and thus should be stricken from the record.

First, Fed. R. Civ. P. 11(a) prescribes that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly." In this instance, the Amended Complaint is unsigned.

Second, Fed. R. Civ. P. 15(a) prescribes that once a responsive pleading is served, as in this case, Plaintiff may not amend his Complaint by right, but rather, may do so "only by leave of the court or by written consent of the adverse party." Moreover, LCvR 7(i) and 15.1[1] requires that any "motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended. The amended pleading shall be deemed to have been filed and served by mail on the date on which the order granting the motion is entered." No Motion for Leave to Amend has been filed, and no Order granting that Motion has issued. As such, it was improper for the Clerk to terminate Defendants CCA/CTF and Walter Fulton and to add Defendants Center for Correctional Health and Policy Studies, Inc. and Correctional [sic]

---

[1] The text of both cited Rules is identical.

Corporation of America.

Third, in contravention of LCvR 7(m), Plaintiff never sought to obtain consent of counsel to amend his Complaint, nor provided any certification demonstrating a good faith effort to confer with counsel. As Plaintiff remains in federal custody, he may only receive incoming telephone calls, such as telephonic appearances at hearings, which have been scheduled in advance and coordinated with prison officials. However, Plaintiff may at any time he has telephone privileges, place a telephone call to defense counsel. Plaintiff has not contacted defense counsel concerning the Amended Complaint.

Fourth, Plaintiff failed to serve and certify service of his Amended Complaint upon Defendants as required by LCvR 5.4(d)(1) which specifies that "parties who [do not file electronically] **must serve** and be served as otherwise provided in F.R.Civ.P. 5(b)." (emphasis added).

While Plaintiff, a *pro se* prisoner, should be afforded some leeway in the construction of his pleadings and for minor technical deficiencies in his filings, he is not exempt from the complying with the requirements of the Federal Rules of Civil Procedure or the Local Rules of this Court. *Santini v. Herman et al.,* 456 F.Supp.2d 69, 72 (D.D.C. 2006). *See Jarrell v. Tisch*, 656 F.Supp. 237, 240 (D.D.C. 1987) (Pro se "Plaintiff must follow the procedures as set forth in Fed. R. Civ. P. 56 and the Local Rules").

### III. STRIKING PLAINTIFF'S AMENDED COMPLAINT IS IN THE BEST INTEREST OF JUDICIAL ECONOMY

Defendants CCA/CTF and Walter Fulton, and presumably Plaintiff, are eager to resolve this case quickly. However, the current "filing" of Plaintiff's Amended Complaint creates confusion and is likely to unnecessarily prolong this case. Absent an order granting the a Motion to Amend, no summons has been issued to new Defendants Center for Correctional Health and

- 3 -

1737013.1

Policy Studies, Inc. or Correctional [sic] Corporation of America.  Likewise, no order has been entered officially dismissing CCA/CTF and Walter Fulton from this action.  Additionally, since no order has issued under LCvR 7(i) and 15.1, Defendants are unable to calculate the date by which they must file and serve a responsive pleading[2].  This confusion which certainly is an unintentional result of Plaintiff's non-compliance with both the Federal and Local Civil Rules and the Clerk's acceptance of Plaintiff's Amended Complaint, constitutes "cause" for an order enlarging time or "excusable neglect" for the failure to act within a specified time, and if left unresolved, will further delay these proceedings.

Plaintiff will not be prejudiced by the instant motion.  Pursuant to the Scheduling and Procedures Order, Plaintiff still has until February 23, 2007 to submit a Motion for Leave to Amend his Complaint, which complies with Fed. R. Civ. P. 11(a), 15(a) and LCvR. 7(i), 7(m) and 15.1.  Thus while leaving Plaintiff's "Amended Complaint" as filed only creates confusion and would likely require adjustments of the Scheduling Order, granting this Motion to Strike, and ordering the Clerk to correct the docket may allow this litigation to remain on schedule.

## IV.   CONCLUSION

For the forgoing reasons, Defendants CCA/CTF and Walter Fulton move that Plaintiff's Amended Complaint [Dck #22] be stricken from the record and the Clerk be ordered to correct the docket entry to reflect the proper parties to this suit.  A proposed order, required by LCvR 7(c), follows.

---

[2] If the Amended Complaint was "filed" as of January 8, 2006, Defendants' responsive pleading is due on January 29, 2006.  Should the instant Motion be denied, Defendants respectfully suggest that the order specify that Defendants who have been served, must file a responsive pleading within twenty (20) days of the date of the order, rather than requiring the parties to expend additional resources seeking to file a responsive pleading out of time.

Dated: January 29, 2007

                         s/Timothy J. Bojanowski
                         Daniel P. Struck, (D.C. Bar No. CO0037)
                         Timothy J. Bojanowski, (D.C. Bar No. OH0014)
                         JONES, SKELTON & HOCHULI, P.L.C.
                         2901 North Central Avenue, Suite 800
                         Phoenix, Arizona  85012
                         Telephone: (602) 263-7324
                         Facsimile: (602) 263-7387

                         Paul Maloney, (D.C. Bar No.362533)
                         Mariana Bravo, (D.C. Bar No. 473809)
                         Colleen Durbin, (D.C. Bar No. 500039)
                         CARR MALONEY, PC
                         1615 L Street, NW, Suite 500
                         Washington, DC 20036
                         Telephone: (202) 315-5500
                         Facsimile: (202) 310-5555
                         *Attorneys for Defendants Corrections Corporation*
                         *of America and Walter Fulton*

## LOCAL CIVIL RULE 7(m) CERTIFICATION

      Due to Plaintiff's incarceration at FCI Cumberland, Plaintiff was not able to be reached via telephone to consent to this Motion.  As such, Defendants are not aware whether or not Plaintiff opposes their Motion to Strike Plaintiff's Amended Complaint [Dck #22].

                         s/Timothy J. Bojanowski

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Defendant CCA/CTF and Walter Fulton's Motion to strike Plaintiff's Amended Complaint [Dck # 22] was electronically filed, this 29th day of January 2007, and a copy mailed, first-class postage pre-paid to:

Raymond G. Jackson (Reg. No. 27973-016)
**FCI CUMBERLAND**
Federal Correctional Institution
P. O. Box 1000
Cumberland, Maryland 21501


      s/Timothy J. Bojanowski

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND G. JACKSON,<br><br>              Plaintiff,<br><br>    v.<br><br>C.C.A./C.C.F. and WALTER FULTON,<br><br>              Defendants. | Civil Action No. 06-1241-CKK |

## ORDER

Upon Motion of Defendants CCA/CTF and Walter Fulton to Strike Plaintiff's Amended Complaint [Dck #22] and for good cause shown, it is:

**ORDERED** that Plaintiff's Amended Complaint [Dck #22] is stricken from the records, and it is further

**ORDERED** that the Clerk correct the docket to reflect the proper Defendants in this case as originally listed.

 

_____
Judge Colleen Kollar-Kotelly

Copies to:

    Raymond G. Jackson, #27973-016
    **FCI CUMBERLAND**
    Federal Correctional Institution
    P.O. Box 1000
    Cumberland, Maryland 21501

1737013.1

Daniel P. Struck, Esq.
Timothy J. Bojanowski, Esq.
**JONES, SKELTON & HOCHULI, P.L.C**.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

Paul Maloney, Esq.
Mariana Bravo, Esq.
Colleen Durbin, Esq.
**CARR MALONEY, PC**
1615 L Street, NW, Suite 500
Washington, D.C. 20036

Shana Lyn Frost, Esq.
**OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**
441 Fourth Street, N.W.
6th Floor South
Washington, D.C. 20001