**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Raymond G. Jackson

Plaintiff,

v.

Correction[s] Corporation of America, et al.

Defendants.

Civil Action No. 06-1241-CKK

**DEFENDANTS CORRECTIONS CORPORATION OF AMERICA, CCA/CTF AND WALTER FULTON'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

1. The allegations in the Complaint and Amended Complaint all relate to Plaintiff's incarceration at the D.C. Correctional Treatment Facility ("CTF"). Plaintiff was incarcerated in CTF from March 24, 2005 until October 21, 2005 and again from January 25, 2006 until September 19, 2006. Am. Compl. at 1, Compl. at 1. Bojanowski Decl. (Exhibit 1 hereto) ¶ 3 and Att. A.

2. Plaintiff Raymond G. Jackson was released from custody of the Federal Bureau of Prisons ("BOP") on or about February 16, 2006. Bojanowski Decl. ¶ 4.

3. Plaintiff's Complaint was filed on July 11, 2006, while he was in the custody at CTF. Compl at 1-2. Plaintiff's Amended Complaint was received on January 8, 2007, while he was incarcerated by the BOP at FCI Cumberland. Am. Compl.

4. At the time of filing both his initial and Amended Complaints, Plaintiff was "a prisoner confined in any jail, prison, or other correctional facility" for all purposes under 42 U.S.C. § 1997e.

5. The D.C. Correctional Treatment Facility ("CTF") is operated by Corrections Corporation of America under contract with the District of Columbia. Since April 1, 2003,

however, CCA has only provided custodial supervision services, and has not been liable for the provision of medical services to inmates. Bojanowski Decl., Att. B.

6. Upon admission to CTF, inmates are provided with an Inmate Handbook, which contains a summary of the facility grievance policies and procedures. Additionally, inmates have access to the complete grievance policy at the CTF Law Library or through facility staff. Allen Aff. ¶ 7 (Exhibit 2 hereto).

7. The CCA grievance procedure at CTF states that in order for an inmate to exhaust administrative remedies, he must follow the facility grievance procedures and carry the grievance through to its finish. Allen Aff. ¶ 8. If an inmate fails to follow the procedure or omits any part of it, he has not exhausted the administrative remedies available. Allen Aff. ¶ 9

8. Within seven days of becoming aware of the alleged incident which is grievable in nature, an inmate at CTF must complete the Inmate Grievance Form and submit it to the grievance officer. Allen Aff. ¶ 8. Prior to submission of an Inmate Grievance Form, an inmate should avail himself to an informal resolution process by submitting an Inmate Request Slip or speaking with a staff member concerning the issue. *Id.*

9. The CCA-CTF Inmate Grievance Procedure is a four-step process. In the event that a grievance is denied by the Facility Grievance Officer, an inmate may appeal the decision to the Warden. Should an inmate be dissatisfied with the Warden or Warden's designee's response, he may appeal it to the Contract Monitor. Should an inmate be dissatisfied with the Contract Monitor's response, he may appeal it to the Director of the Department of Corrections. *Id.*

10. Although CCA is not liable for the provision of medical care, grievances relating to such are initially processed and logged by the CCA Facility Grievance Officer. Allen Aff. ¶ 5.

11. All allegations raised in Plaintiff's Complaint and Amended Complaint are grievable matters under the CCA-CTF Inmate Grievance Policy. Allen Aff, Att. A at 2-3.

12. Plaintiff did not file any grievances complaining that, on or about January 26, 2006, CCA staff ignored doctor's orders that he be housed only on a bottom bunk and instead placed him on a top bunk bed for 30 days. Allen Aff. ¶ 19.

13. Plaintiff did not properly file a timely grievance complaining that, beginning on or about March 16, 2006, he was without blood pressure medication for five days. Allen Aff. ¶ 17. Plaintiff received a response to his untimely grievance on April 6, 2006 from the D.C. Department of Corrections' Medical Grievance Coordinator and did not appeal her decision. *Id.*

14. Plaintiff did not properly file a timely grievance complaining that, on or about March 25, 2006, contracted medical staff gave him the wrong medication. Allen Aff. ¶ 18. Plaintiff received a response to his untimely grievance on April 7, 2006 from the D.C. Department of Corrections' Medical Grievance Coordinator and did not appeal her decision. *Id.*

15. Plaintiff did not file any grievances complaining that, at any time he was incarcerated at CTF, CCA staff members failed to provide for eight days, a second mattress which a neurologist or other medical provider ordered Plaintiff to have. Allen Aff. ¶ 19.

16. Plaintiff did not file any grievances complaining that a pipe had broken, flooding his cell; or, that he was kept in a flooded cell for twelve days, rather than being moved to a dry cell, at any time he was incarcerated at CTF. *Id.*

17. Plaintiff claims that property, with a value of $134.97, was lost or stolen when he was transferred from CTF to the D.C. Jail for federal movement on October 21, 2005. Compl. at 2, Allen Aff. ¶ 16 and Att. F. CCA transferred $134.94 from Plaintiff's Inmate Trust Fund Account to the D.C. Jail on November 10, 2005. Allen Aff. ¶ 16 and Att. F. Plaintiff waited until he had been back at CTF for three months before filing a lost/stolen property claim pursuant to CCA Policy 14-6. *Id.* Claims for lost/stolen property must submitted and resolved in accordance with Policy 14-6 before a grievance requesting replacement or reimbursement may be granted as a grievance remedy. Allen Aff. ¶ 16 and Att. A at 5. Once the Chief of Security has addressed an inmate's property claim, and if the inmate is dissatisfied with the result, an inmate may file a grievance relating to lost or stolen property. *Id.* Plaintiff received a response

to his property claim on April 19, 2006. Allen Aff. ¶ 16 and Att. F. Plaintiff waited almost five months later, until September 8, 2006, to file a grievance relating to his property claim. *Id.* Plaintiff's grievance, which was not appealed, was denied as being untimely filed; Plaintiff should have submitted it not later than April 26, 2006. *Id.*

18. On August 31, 2005, Plaintiff submitted grievance no. 05-3222 complaining that on August 30, 2005, C.O. Rogers would not permit him to keep his cell door open and that his cell had inadequate ventilation. Allen Aff. ¶ 12 and Att. B. Plaintiff did not request any specific remedy with his grievance. *Id.* On September 14, 2005, Plaintiff's grievance was denied as unfounded, when an investigation demonstrated that C.O. Rogers was not on duty on the day in question. *Id.* Additionally, Plaintiff was advised that only the shift Captain or his Unit Manager could authorize a deviation from policy permitting him to keep his cell door open. *Id.* Plaintiff did not submit an appeal within five days as required the Inmate Grievance Policy. *Id.*

19. On June 5, 2006, Plaintiff submitted grievance no. 06-1168 complaining that the vent in his cell barely blows any air, that he is not permitted to paper over the window in his cell, and that there is no air in the small TV room and no air in the bathrooms of his housing unit. Allen Aff. ¶ 13 and Att. C. Plaintiff requested that he be permitted to put paper of his window to block the sun's rays until the Maintenance Department can take action. *Id.* Jackie Smith, the CCA-CTF Facilities Supervisor, investigated the grievance and discussed her findings with Plaintiff, at which point Plaintiff reiterated his request to place paper of his window. Allen Aff. Att. C. The grievance was denied by the Facility Grievance Officer on June 16, 2006, with the explanation that security protocols do not permit inmates to cover or otherwise block the windows in their cells. Allen Aff. ¶ 13 and Att. C. Plaintiff appealed to the Warden, and on June 30, 2006, Warden Caulfield advised Plaintiff that the Maintenance Department would once again check his cell for excessive heat. *Id.* Plaintiff did not appeal his grievance to either the Contract Monitor or Director of the Department of Corrections. *Id.*

20. On July 21, 2006, Plaintiff submitted grievance no. 06-1635 complaining that the vent in his cell "is barely blowing air" and that his cell "receives to[o] much sunlight." Allen

Aff. ¶ 14 and Att. D. Plaintiff requested that his cell windows be tinted to reduce the amount of sunlight entering the cell and that the maintenance department inspect the ventilation system. *Id.* The grievance was denied on July 24, 2006 since security considerations prevented any cell windows from being tinted. *Id.* However, Plaintiff was advised that although the ventilation system is working, that they would inquire to see if Plaintiff could be moved to another cell. *Id.* After Plaintiff appealed the denial of this grievance, on August 4, 2006, Warden Caulfield's designee, Assistant Warden Shelton Richardson authorized Plaintiff to be moved from cell E-1-B 35 to cell E-1-B 4. *Id.* Plaintiff did not appeal his grievance to either the Contract Monitor of the Director of the Department of Corrections. *Id.*

21. On August 9, 2006, Plaintiff submitted grievance no. 06-1635 complaining that there is "no air in the small TV Room and no air in [the] designated game room" or bathroom. Allen Aff. ¶ 15 and Att. E. An investigation by Facilities Supervisor Jackie Smith showed that all of the air conditioning was fully functional. *Id.* Plaintiff's grievance was denied as unfounded on August 15, 2006. *Id.* Plaintiff appealed and on August 21, 2006, Warden Caulfield directed the maintenance department to perform another inspection of the housing unit. *Id.* Plaintiff accepted the Warden's response on August 22, 2006 and did not appeal his decision to either the Contract Monitor or the Director of the Department of Corrections. *Id.*

22. Plaintiff did not submit any other grievances relating to his allegation that he was "ke[pt] in a cell with no air condition[ing] during the hottest time in the summer months." Am. Compl at 2. *See* Allen Aff. ¶¶ 11-15.

23. Of the four grievances Plaintiff submitted complaining of the climate in his cell and/or housing unit, none were labeled "Emergency Grievances." Allen Aff. Atts. B-E. *See also* Allen Aff. ¶ 10 (a grievance is an emergency is the subject matter is such that compliance would subject the grievant to risk of injury).

24. Plaintiff does not allege any injury as a result of being "ke[pt] in a cell with no air condition[ing] during the hottest time in the summer months. Am. Compl. at 2.

25. Plaintiff does not pray for any relief as a result of being "ke[pt] in a cell with no air condition[ing] during the hottest time in the summer months." Am. Compl. at 2. Plaintiff's prayers for relief as limited to his complaints relating to allegations that he was denied a bottom bunk for 30 days ("1000.00 a day for 30 days plus punitive damages"); he did not receive stomach medication for nineteen days ("500.00 day for 19 days plus punitive damages"); he was kept in a flooded cell for twelve days ("150.00 day for 12 days plus punitive damages"); and that he went for eight days without receiving a second mattress ordered by a neurologist ("100.00 day for 8 days"). *Id.*

Dated: March 28, 2007

s/Timothy J. Bojanowski

Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387

Mariana Bravo, (D.C. Bar No. 473809)
Colleen Durbin , (D.C. Bar No. 473809)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

*Attorneys for Defendants Corrections Corporation of America, CCA/CTF and Walter Fulton*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of March 2007, a true an accurate copy of the foregoing Defendants' Statement of Uncontroverted Material Facts In Support of Their Motion to Dismiss or, in the Alternative, for Summary Judgment, was sent via first-class mail, postage-prepaid, to:

Raymond G. Jackson (Reg. No. 27973-016)
2850 Langston Place, SE
Washington, DC 20020
*Plaintiff Pro Se*

s/Dianne Clark