UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raymond Jackson, )<br>)<br>　　　Plaintiff, )<br>)<br>　　　v. )<br>)<br>Corrections Corporation of )<br>America, et al., )<br>)<br>　　　Defendants. )<br>) | Civil Action No. 06-1241 (CKK) |

## ORDER OF APPOINTMENT OF COUNSEL
## FOR THE LIMITED PURPOSE OF MEDIATION

　　　The Court has determined that counsel should be appointed from the Court's Civil Pro Bono Panel for the limited purpose of assisting in the resolution of this case through mediation. Accordingly, it is

　　　ORDERED that the Clerk appoint counsel for the plaintiff from the Civil Pro Bono Panel for the purpose of mediation in the above-captioned matter. It is

　　　FURTHER ORDERED that the appointment shall be subject to the provisions of the "Guidelines for Court-Appointed Mediation Counsel," which is attached to and is hereby incorporated by reference in this Order.

　　　SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　United States District Judge

DATE: March 15, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUIDELINES FOR COURT-APPOINTED MEDIATION COUNSEL

Please observe these guidelines when serving as Court-appointed mediation counsel.

1. The party whom you have been appointed to represent has filed an action *pro se*, and has been granted leave to proceed *in forma pauperis*. <u>You have been appointed for the limited purpose of representing your client during the process of mediation.</u>

2. As soon as possible, but in any event within 30 days of receipt of the notice of appointment, you should enter your appearance or withdraw from the case. (Withdrawal might be necessary if, for instance, you have a conflict of interest or if you are unable to agree with the litigant about a fundamental matter of strategy.)

3. Your notice of appearance should state that you are entering your appearance for the limited purpose of representing the litigant during the mediation process.

4. As appointed mediation counsel, you are under no duty to engage in discovery or motions practice. If, however, you find that the opposing party has not completed outstanding discovery to your client, and such discovery is necessary to proceed with mediation, you may advise the mediator of this fact and schedule the mediation session after the completion of such discovery.

5. After entering your appearance, you should promptly contact the Court and request a status conference to schedule the mediation. The Court will schedule a time period within which mediation should be completed, and will issue an order referring the case to mediation. A court-appointed mediator will contact you and counsel for the opposing party to schedule the exact time and place of the mediation session(s).

6. You should assist your client in deciding whether and on what terms to settle the case, assist the client in drafting and reviewing any necessary agreements and related court papers, and then notify the Court of the outcome of mediation.

7. In the event that the mediation is not successful in resolving the case, then within 30 days after the termination of the mediation process you should either (i) withdraw your appearance or (ii) at your option and with the agreement of your client, enter your appearance as counsel of record for your client for purposes of resolving the case on the merits. If you decide to represent your client on the merits, your representation will be deemed an appointment of counsel pursuant to Local Civil Rule 83.11.

8. The Court's use of appointed counsel for the limited purpose of mediation is an experimental program. You are encouraged to complete the evaluation materials that you will receive at the conclusion of the mediation.