## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Raymond G. Jackson

     Plaintiff,

   v.

Correction[s] Corporation of America, et al.

     Defendants.

Civil Action No. 06-1241-CKK

### DEFENDANTS CORRECTIONS CORPORATION OF AMERICA, CCA/CTF AND WALTER FULTON'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Corrections Corporation of America, CCA/CTF and Walter Fulton (collectively "Defendants") through counsel, file this Reply Brief in support of their Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, for Summary Judgment.

Between his Complaint and Amended Complaint, Plaintiff has raised eight counts under 42 U.S.C. § 1983 against Defendants: (1) For 30 days, beginning on or about January 26, 2006, CCA staff ignored doctors' orders and placed him in a top bunk bed, exacerbating Plaintiff's myasthenia, neurasthenia, Restless Leg Syndrome ("RLS"), and pain Plaintiff experiences as a result of scoliosis; (2) For 12 days, beginning on or about January 26, 2006, contracted medical staff failed to provide Plaintiff with medication for treatment of his stomach ulcer and that he suffered stomach pain for 12 days; (3) for 5 days, beginning on or about March 16, 2006 Plaintiff did not receive medication for the treatment of hypertension; (4) that on or about March 25, 2006, and on two other occasions, contracted medical staff administered the wrong medication to Plaintiff and that Plaintiff experienced different effects from the medication than he was used to and "beg[a]n to feel strange;" (5) Defendants lost or stole Plaintiff's property valued at $134.97;

(6) for eight days, Defendants ignored doctor's orders to provide Plaintiff with an additional mattress; (7) for twelve days, Defendant Correction[s] Corporation of America kept Plaintiff in a flooded cell due to a broken water pipe; and (8) Defendants kept Plaintiff "in a cell with no air condition[ing] during the hottest time in the summer months." Plaintiff also alleges that several of these fall under the common-law tort of medical negligence.

Plaintiff's claims against Defendants Corrections Corporation of America, CCA/CTF, and Walter Fulton should be dismissed for the following reasons: (1) Plaintiff failed to *properly* exhaust administrative remedies available to him with respect to any of his claims and (2) Plaintiff fails to state a cognizable constitutional or common-law medical negligence claim against Defendants.

## I.      PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES WARRANTS DISMISSAL.

Pursuant to this Court's Order, Plaintiff submitted his opposition to Defendant's instant Motion on May 29, 2006. Plaintiff did not submit any legal argument or statement of controverted material facts, but rather submitted three exhibits, encompassing 26 pages, presumably in an effort to demonstrate a genuine issue of material fact. However, those exhibits, accepted in the light most favorable to Plaintiff, still are insufficient to overcome Defendants' Motion.

Plaintiff concedes his Complaint and Amended Complaint were filed when he was a prisoner and that the requirements of the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e govern this action, including proper exhaustion of the inmate grievance process.[1] Moreover, Plaintiff concedes that he was made aware of the four-step grievance procedure while he was incarcerated at the Correctional Treatment Facility ("CTF"), which requires grievances to be submitted to the CCA grievance officer within seven days of discovery of the complaint.[2]

---

[1] *See* SOF ¶¶ 1-3.
[2] *See* SOF ¶¶ 7-9.

Finally, Plaintiff does not dispute the allegations raised in his Complaint and Amended Complaint are grievable matters.[3]

In Plaintiff's response, he submits documentation relating only to his "bottom bunk" claims (Exhibit 1); stomach, blood pressure and wrong medication claims (Exhibit 2), and records relating to his medical complaints and prescribed medications, as well as copies of grievances related to Plaintiff's request for a "dust mask."   (Exhibit 3).   Nowhere in his Complaint or Amended Complaint does Plaintiff raise allegations concerning air quality or the failure of any defendant to provide him with a dust mask.   Thus, Plaintiff's grievances on this issue are irrelevant to the disposition of this motion.

Plaintiff does not dispute that he failed to submit any grievance relating to his mattress, and flooded cell claims.   Moreover, Plaintiff does not dispute that he failed to *properly* exhaust his property and air conditioning claims.   Those four claims should be dismissed without further discussion.

Plaintiff's submission does not present any genuine issue of material fact, as Plaintiff does not demonstrate that he *properly* exhausted available administrative remedies under 42 U.S.C. § 1997e(e) with respect to his bottom bunk, blood pressure, stomach medication, or wrong medication claims.

### A.     Plaintiff failed to *properly* exhaust his bottom bunk claim.

While Plaintiff alleges that he submitted a grievance and appeal relating to his bottom bunk claim, Plaintiff did not submit an Inmate Request Slip regarding an informal resolution of his complaint that he was placed on a top bunk until February 20, 2006, **twenty-five days after his arrival at CTF**, and long after Plaintiff should have been aware that he was placed in an improper bunk.   The following day, without waiting for the informal resolution process to be complete, Plaintiff submitted his grievance.   While Plaintiff's grievance was pending not only was he moved to a bottom bunk, but was also placed in a single-cell, and Plaintiff's grievance

---

[3] SOF ¶ 11.

was deemed resolved.[4]  Plaintiff only appealed his grievance to the Warden complaining about the CTF practice of having to request to be moved by the Program Manager and presenting a bottom bunk pass, and Plaintiff's appeal was denied.[5]  However, Plaintiff does not allege nor present any documentation to dispute that his originally untimely grievance was appealed to either the third (Contract Monitor) or fourth (Director of the Department of Corrections) steps of the inmate grievance process as necessary to *properly* exhaust all available administrative remedies as required by the PLRA prior to bringing suit.

Moreover, Plaintiff never alleges in his grievance, as confirmed in the Affidavit of Joyce Allen, that anyone at CCA ignored Doctor's Orders, or that his bottom bunk pass was medically necessary.[6]  Rather, in Plaintiff's appeal, Plaintiff effectively admits that he did not present his bottom bunk pass to Defendants with his initial requests, and complains regarding the delay in receiving a bottom bunk due to the "rule" that he needed to contact Program Manager Fulton "to move to the bottom with bottom bunk certificate."[7]  The requirement is reasonable and rational since Defendants do not provide any medical care to any inmate at CTF, and thus are not permitted access to Plaintiff's medical records and Doctor's Orders.[8]

### B.    Plaintiff failed to properly exhaust his stomach medication and blood pressure medication grievance(s).

Plaintiff has failed to exhaust his complaints relating to stomach medication and blood pressure mediation.  Plaintiff's Medical Grievance No. 06-87 was routed by the Contract Monitor to the Health Services Administration, after first being denied by the D.C. Department of Corrections Grievance Coordinator.  The grievance process for medical grievances omits the second (appeal to CTF Warden) step, as CCA does not provide medical services to inmates.  In the resolution of his third step appeal, it is noted that Plaintiff did not make the D.C. Department of Corrections aware of his ulcer problems when he arrived for intake processing.  Plaintiff was

---

[4] Pltf's Ex. 1 at 3 ("Inmate Grievance dated February 21, 2006, and stamped received on February 22, 2006).
[5] *Id.*
[6] SOF ¶ 12.
[7] Pltf's Ex. 1 at 3.
[8] *See* SOF ¶ 5.

seen during sick call on January 30, 2006, where he was in no apparent distress. When he made a statement at sick call regarding a history of ulcers and the need to be treated with stomach medication, appropriate care was rendered and the grievance was considered resolved.[9]

Rather than *properly* exhaust all available administrative remedies by completing the step four and final appeal to the Director of the Department of Corrections, Plaintiff submitted another initial grievance, Medical Grievance No. 06-441 on August 31, 2006, more than seven months after his arrival at CTF. On or about September 13, 2006, Plaintiff appealed the denial of his medical grievance to the Contract Monitor, demanding compensation in the amount of $500 per day for each day he had to suffer.[10]

Where a plaintiff solely seeks financial compensation for an injury, and even when such relief is not normally available under a prison grievance process, an inmate seeking monetary damages must *properly* exhaust the grievance process.[11] Not only is Plaintiff's purported grievance untimely, but Plaintiff does not allege, much less present any documentary evidence, that he exhausted the grievance process by sending a fourth and final level appeal of his denial to the Director of the Department of Corrections.

Finally, Plaintiff submitted Medical Grievance No. 06-87, which is the only grievance to also mention Plaintiff's blood pressure medication. While the initial grievance is dated "1/19/2006," it is clear from its contents as well as the note above the Grievance Officer's Report and the date stamp at the top, which demonstrate that that Plaintiff did not submit the grievance into the Grievance box until March 1, 2006.[12] This grievance is untimely and improper, as Plaintiff should have been aware of the failure to receive his stomach and/or blood pressure medication immediately upon arrival at the facility, and need not have waited more than a month

---

[9] Pltf's Ex. 2 at 2.
[10] Pltf's Ex. 2 at 4.
[11] *Woodford v. Ngo*, 126 S. Ct. 2378, 2382-83 (2006) ("Exhaustion … is mandatory. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). Prisoners must now exhaust all 'available' administrative remedies …. Indeed, as we held in Booth, a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be guaranteed by the administrative process. *Id.* at 734.")
[12] Pltf's Ex. 2 at 7.

to submit a grievance. Moreover, this, the only grievance to mention blood pressure medication, relates to a prior failure to receive it, and was submitted more than two weeks **before** the dates Plaintiff alleges he did not receive his blood pressure medication.

      C.      **Plaintiff failed to *properly* exhaust available administrative remedies relating to his wrong medication claims.**

None of the initial grievances submitted by Plaintiff relate to his claim that he received the wrong medication on March 25, 2006.[13] Rather, Plaintiff first raised the issue in his appeal to the Contract Monitor of the Medical Grievance Officer's decision that Medical Grievance No. 06-87 had previously been resolved, and that the grieved concerns could have been resolved if Plaintiff has advised the Associate Medical Director of them when he was seen on February 17, 2006. Plaintiff acknowledged the Medical Grievance Officer's decision on March 14, 2006 and Plaintiff's appeal was to be submitted within five days, *i.e.*, no later than March 19, 2006. At least six days before allegedly receiving the wrong medication, Plaintiff states in his appeal that, "[m]edical has made errors in the past since my incarceration[, i]ncluding giving me someone else's medication by mistake."[14]

Plaintiff's allegation in his appeal relating to receipt of the wrong medication is improper, since it was not first raised in a grievance to the medical grievance officer. Since it is not specific as to when the wrong medication was allegedly provided, it may also be untimely. Finally, Plaintiff does not allege, nor provide documentary proof that appealed the contract monitor's decision to the Director of the D.C. Department of Corrections. In short, Plaintiff's appeal of Medical Grievance No. 06-87 fails to demonstrate that Plaintiff *properly* exhausted all available administrative remedies relating to his claim that on March 25, 2006 he received the wrong medication.

## II.      PLAINTIFF DOES NOT DISPUTE THAT HE FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Even assuming *arguendo* that Plaintiff did properly exhaust all available administrative

---

[13] Compl. at 1.
[14] Pltf's Ex. 2 at 8.

remedies, Plaintiff does not dispute that his claims should be dismissed with respect to Defendants due to his failure to state a claim upon which relief can be granted.

**A.    Plaintiff's allegations do not constitute cruel and unusual punishment under 42 U.S.C. § 1983.**

Plaintiff does not dispute that the he fails to properly plead that Defendant Fulton is included in any of his claims.  While Plaintiff does present an informal request form to Defendant Fulton regarding his request to move to a bottom bunk, within four days of receipt of the request, Defendant Fulton ordered that Plaintiff be moved.[15]  Moreover, Plaintiff does not dispute that he fails to allege any "custom or policy" of the corporate defendants, Corrections Corporation of America or CCA/CTF as necessary to sustain a cognizable complaint for violation of his constitutional rights by those defendants.

Finally, Plaintiff does not dispute that the allegations in his Complaint and Amended Complaint relating to his property, mattress, flooded cell and air conditioning claims neglect to include any showing of substantial harm resulting from those claims as required by the objective prong of the *Farmer*[16] test.  Additionally, the PLRA provides that "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."[17]

The documents presented by Plaintiff constitute effective admissions that he did not suffer any physical injury as a result of his bottom bunk, stomach medication, blood pressure medication and wrong medication claims.  Rather than alleging any harm from being placed in a top bunk, Plaintiff's sole complaint in his initial grievance is that "I don't think that is fair to me that inmates who arrived after me got moved in a single cell bottom bunk."[18]  Moreover, in his appeal to the Warden, rather than alleging any injury as a result of being placed in a top bunk, Plaintiff merely stated "What if something would have happened while I was on the top bunk or

---

[15] *See* Pltf's Ex. 1 at 2-3.
[16] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (promulgation of objective and subjective prongs of test).
[17] 42 U.S.C. § 1997e(e).
[18] Pltf's Ex. 1 at 3.

I got injured climbing up and down.  It would be a medical law suit."[19]  Likewise, in Medical Grievance No. 06-87 relating to his blood pressure and stomach medication, Plaintiff's initial grievance states "DC Jail and CTF medical staff owe me an apology and needs to make sure the situation doesn't happen again."[20]  In his appeal to the grievance coordinator, this is where Plaintiff makes his only mention of receiving the wrong medication, Plaintiff states "[w]hen is the unprofessionalism going to stop and medical trying to deny their mistake.  [sic]  It is going to cause someones [sic] death before they wake up…. I have High Blood Pressure and was put as risk of Heart Attack those days without medication."[21]

Plaintiff knows that a showing of his injury is necessary to bring suit.[22]  Had he sustained any, he would have said so in his appeal.  Plaintiff's statements in his grievance appeals of facing hypothetical injuries and dangers are admissions by Plaintiff that he did not receive any actual injuries.  Given those admissions, Plaintiff's claims are barred by 42 U.S.C. § 1997e(e) and also fail to meet the objective prong of the *Farmer*[23] test.

Moreover, Plaintiff's allegations, as supplemented by his newly submitted admissions relating to his bottom bunk, stomach medication, blood pressure medication, and wrong medication claims fail to meet the subjective, deliberate indifference prong of the *Farmer*[24] test.  In other words, since Defendants addressed Plaintiff's complaints with respect to seeing that he received a bottom bunk, received stomach medication, and received blood pressure medication once Plaintiff brought the issue to the grievance officers' attention, there was no deliberative indifference on the part of the Defendants.  As such, they should be dismissed as parties to this litigation.

---

[19] *Id.*
[20] Pltf's Ex. 2 at 7.
[21] *Id.* at 8.
[22] In fact, Plaintiff did raise those claims in his untimely Medical Grievance No. 06-441, submitted on August 30, 2006.  Pltf's Ex. 2 at 4.
[23] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (promulgation of objective and subjective prongs of test).
[24] *Farmer v. Brennan*, *supra*.

**B.     Likewise, Plaintiff's common-law medical negligence claims should also be dismissed.**

Plaintiff submitted common-law medical negligence claims.  Plaintiff does not dispute that Corrections Corporation of America and Walter Fulton, have no liability or responsibility for providing medical care to any inmate.[25]  As Defendants do not owe a duty of medical care to Plaintiff, this Court should dismiss the medical negligence claims against Defendants.

## III.   CONCLUSION

For the foregoing reasons, Defendants Corrections Corporation of America, CCA/CTF and Walter Fulton respectfully request that their Motion to Dismiss Amended Complaint, or in the Alternative, for Summary Judgment be granted, and that all claims raised by Plaintiff against Defendants be dismissed.

Dated: June 4, 2007

s/Timothy J. Bojanowski
Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387


Mariana Bravo, (D.C. Bar No. 473809)
Colleen Durbin , (D.C. Bar No. 473809)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

*Attorneys for Defendants*

---

[25] SOF ¶ 5.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June 2007, a true an accurate copy of the foregoing Defendants Corrections Corporation of America, CCA/CTF, and Walter Fulton's Reply Brief in Support of their Motion to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment, was sent via first-class mail, postage-prepaid, to:

> Raymond G. Jackson
> 2850 Langston Place, SE
> Washington, DC 20020
> *Plaintiff Pro Se*

> Michael S. Nadel, Esq.
> Eric J. Conn, Esq.
> **MCDERMOTT WILL & EMERY LLP**
> 600 Thirteenth Street, N.W.
> Washington, D. C. 20005
> *Attorneys for Plaintiff Raymond C. Jackson*

s/Dianne Clark