UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND G. JACKSON,<br>      Plaintiff,<br><br>   v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br>INC., et al.,<br>      Defendants. | Civil Action No. 06-1241 (CKK)<br><br>Hon. Colleen Kollar-Kotelly |

**PLAINTIFF RAYMOND G. JACKSON'S MOTION FOR RECONSIDERATION
OF THE COURT'S JUNE 27, 2007 ORDER**

Pursuant to Federal Rules of Civil Procedure 54(b) and 59(e), Plaintiff Raymond G. Jackson respectfully moves for reconsideration of this Court's June 27, 2007 Order dismissing Corrections Corporation of America as a defendant. The Court should reconsider the Order because the Order: (1) does not address Mr. Jackson's negligence claims; (2) improperly considers evidence outside of the pleadings in ruling on the issue of exhaustion; (3) decides the issue of exhaustion despite a genuine issue of material fact; (4) improperly considers evidence outside of the pleadings in dismissing claims expressly pursuant to Federal Rule of Civil Procedure 12(b)(6); (5) improperly dismisses claims pursuant to Rule 12(b)(6) after concluding that the allegations in the complaint are "undercut" by extrinsic evidence; and (6) fails to make the appropriate inferences from the facts of Mr. Jackson's Amended Complaint as required by the applicable standard of review for pro se complaints.

For these reasons, and as set forth in the accompanying memorandum, the Court should reconsider its June 27, 2007 Order and deny defendants' Motion to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment.

Dated: July 12, 2007 　　　　　　　　　　Respectfully submitted,

*[signature: Mike Nadel]*

Michael S. Nadel, D.C. Bar #470144
Eric J. Conn, D.C. Bar #490321
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

*Attorneys for Plaintiff Raymond G. Jackson*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RAYMOND G. JACKSON,<br>           Plaintiff,<br><br>     *v.*<br><br>CORRECTIONS CORPORATION OF AMERICA, INC., et al.,<br>           Defendants. | Civil Action No. 06-1241 (CKK)<br><br>Hon. Colleen Kollar-Kotelly |

**MEMORANDUM IN SUPPORT OF PLAINTIFF RAYMOND G. JACKSON'S
MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 27, 2007 ORDER**

**INTRODUCTION**

Plaintiff Raymond G. Jackson respectfully moves this Court for reconsideration of its Order dated June 27, 2007 (the "Order").[*] As is discussed more fully below, the Order and its accompanying Memorandum Opinion should be reconsidered because they fail to address all of the claims raised in Mr. Jackson's complaint and apply standards of review that are contrary to well-settled law, resulting in injustice to Mr. Jackson. The motion to dismiss, or, in the alternative for summary judgment, filed by Defendant Corrections Corporation of America, Inc. ("CCA") should be denied.

**PROCEDURAL HISTORY**

This action commenced on July 11, 2006 when Mr. Jackson filed a pro se Complaint requesting monetary relief under the Eight Amendment and common law negligence for injuries that he suffered while in the care and custody of CCA and its

---

[*] Should the Court grant this motion and reinstate CCA as a defendant, Mr. Jackson will petition the Court for leave to file a Second Amended Complaint with the assistance of his court-appointed counsel. All filings by Mr. Jackson prior to the date of this motion have been filed pro se.

staff. Mr. Jackson filed his Amended Complaint on January 8, 2007 restating his claims under the Eighth Amendment and negligence law, and including a more detailed account of the suffering that he endured: including the deliberate refusal of CCA and its staff to accommodate Mr. Jackson's serious medical needs and refusing to provide him with habitable living quarters. Specifically, Mr. Jackson alleged that he was (1) required to sleep on a top bunk for an extended period despite doctors' orders that such an arrangement would cause a serious risk to Mr. Jackson because of nervous and arthritic complications in his legs; (2) denied needed stomach medication for an extended period; (3) denied an additional mattress that had been ordered for him by his neurologist; (4) forced to live in a flooded cell for an extended period; and (5) forced to live in a cell without air conditioning for an extended period of time during the summer months.

This Court appointed the undersigned attorneys as counsel to Mr. Jackson for the limited purpose of mediation and scheduled a mediation before Magistrate Judge John M. Facciola to attempt to resolve the dispute. The day prior to that scheduled mediation, this court issued the Order granting Defendants Corrections Corporation of America, CCA/CTF and Walter Fulton's Motion to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment (the "Motion").

In the Order, and the accompanying Memorandum Opinion (the "Opinion"), this Court acknowledged the existence of Mr. Jackson's negligence claims, but it did not address them. As to Mr. Jackson's Eighth Amendment claims, this Court granted judgment in favor of CCA on the grounds that Mr. Jackson had failed to exhaust administrative remedies as required by the Prison Litigation Reform Act with respect to two claims: the first relating to CCA and its staff withholding from Mr. Jackson a mattress that had been ordered by his neurologist, and the second relating to flooding

in Mr. Jackson's cell that CCA and its staff refused to remedy. This Court further held that all of Mr. Jackson's Eighth Amendment claims were subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). In doing so, this Court expressly considered evidence beyond the pleadings. Based on this evidence, this Court concluded that Mr. Jackson could not plead a cognizable Eighth Amendment claim because CCA and its staff eventually corrected their unconstitutional behavior, though it was only after Mr. Jackson had suffered injury and the risk of harm. This Court did not consider whether an Eighth Amendment claim may arise from the pain and suffering endured by Mr. Jackson during the extended periods of time in which CCA and its staff deliberately withheld medical treatment, denied him medically necessary accommodations, and forced him to endure uninhabitable living quarters. Finally, this Court held that Mr. Jackson was required to explicitly plead in his pro se complaint that the unconstitutional actions alleged on the part of CCA "implemented or executed a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers," pursuant to *Gabriel v. Corr. Corp. of America*, 211 F.Supp.2d 132, 138 (D.D.C. 2002), and *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978), which hold that corporations are to be treated as municipalities for purposes of claims brought pursuant to 42 U.S.C. § 1983 (2000) and that claims against municipalities must show that the alleged wrong is the result of a policy or custom of the municipality. The Court concluded that Mr. Jackson had not adequately alleged facts meeting that legal standard.

## ARGUMENT

### Legal Standard

Under Rule 54(b) of the Federal Rules of Civil Procedure, "any order … which adjudicates fewer than all the claims . . . is subject to revision at any time before the

entry of judgment adjudicating all the claims and the rights and liabilities of all parties." Accordingly, "[t]his Court may permit revision [of the Order] as justice requires." *Singh v. George Washington Univ.*, 383 F. Supp.2d 99, 101 (D.D.C. 2006) (Lamerth, J.) (citation omitted). Reconsideration may be granted if the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has made an error not of reasoning but of apprehension." *Id.* (citations omitted).

Similarly, Rule 59(e) of the Federal Rules of Civil Procedure permits the Court "to alter or amend a judgment." Such a motion should be granted where necessary "to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006).

I. **THE COURT'S ORDER DID NOT ADDRESS MR. JACKSON'S CLAIM OF NEGLIGENCE.**

Mr. Jackson's pro se Amended Complaint claims that the wrongs alleged therein constitute "medical negligence and 8th Amendment violation [sic] of cruel and unusual punishment." Pl.'s Am. Compl. 2. In its Order dismissing the Amended Complaint, this Court acknowledged the existence of the negligence claims in its introduction, *Jackson v. Corr. Corp. of Am.*, No. 06-1241, slip op., at 2 (D.D.C. June 27, 2007), but did not address those claims in its Opinion. The Court fully dismissed CCA as a defendant in this case. However, the Court <u>did not find</u> that the Amended Complaint fails to state a claim for negligence. The Court <u>did not find</u> that there is no dispute of material fact with respect to negligence. The Court <u>did not find</u> that CCA is entitled to judgment as a matter of law on the negligence claim. For this reason alone, the Court should reconsider its Order. CCA cannot properly be dismissed as a defendant until all the claims against it are considered and addressed.

Mr. Jackson adequately states a claim for relief against CCA under District of Columbia negligence law. The District of Columbia applies a uniform standard of care for negligence actions requiring reasonable care under the circumstances. *Beckford v. United States*, 950 F.Supp. 4, 7 (D.D.C. 1997). The allegation in Mr. Jackson's Amended Complaint that CCA and its staff refused to provide him with necessary and doctor-ordered medical care and habitable living conditions for extended periods of time, causing Mr. Jackson pain and suffering, set forth a claim under the District of Columbia's negligence standard and Mr. Jackson is entitled to have this claim adjudicated.

## II. THE ISSUE OF EXHAUSTION NEED NOT BE RAISED IN PLAINTIFF'S COMPLAINT AND SHOULD NOT BE DECIDED BECAUSE THERE IS A GENUINE ISSUE AS TO MATERIAL FACT.

The Prison Litigation Reform Act ("PLRA") requires those seeking redress for prison circumstances to exhaust available administrative remedies prior to bringing suit in court. 42 U.S.C. § 1997e(a) (2000). This requirement does not demand that a plaintiff plead that he has exhausted his administrative remedies in his complaint, but serves as an affirmative defense to a defendant. *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). As this Court noted in its Opinion, where allegations in a complaint establish that a plaintiff failed to exhaust available administrative remedies, the claim may be dismissed on that basis. *Id.* at 920–21. In its opinion, this Court asserted that "[i]n evaluating whether a plaintiff has exhausted administrative remedies, a court may consider matters outside the pleadings." *Jackson*, slip op. at 5 n.4 (citing *Al-Owhali v. Ashcroft*, 279 F.Supp.2d 13, 21 (D.D.C. 2003).

In *Al-Owhali*, however, the court dealt with a *jurisdictional* exhaustion requirement rather than one that, as here, merely provides an affirmative defense.

- 7 -

Indeed, the *Al-Owhali* court only held that "when reviewing a challenge pursuant to Rule 12(b)(6), the Court may consider documents outside the pleadings *to assure itself that it has jurisdiction.*" *Al-Owhali*, 279 F.Supp.2d at 21 (emphasis added). The exhaustion requirement imposed by the PLRA is not jurisdictional in nature. *See, e.g.*, *Jones*, 127 S. Ct. at 919 (holding that the PLRA's exhaustion requirement provides an affirmative defense and need not be raised in the complaint). Accordingly, *Al-Owhali* does not apply and this Court may not consider evidence outside of the pleadings.

      Furthermore, to the extent that this Court may grant summary judgment on the exhaustion question based on the pleadings and other evidence submitted by the parties, such judgment should not be granted because there are genuine issues of material fact with respect to whether Mr. Jackson did, in fact, exhaust his administrative remedies. Federal Rule of Civil Procedure 56 allows for summary judgment if the pleadings, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of demonstrating that there is no genuine issue of material fact, *Celotex Corp. v. Catrett*. 477 U.S. 317, 322 (1986), and the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

      Defendants did not allege in their Motion that no genuine issue of material fact exists regarding the exhaustion requirement. Rather, they appear to have argued that Mr. Jackson's complaint should be dismissed because he failed to plead exhaustion. *See* Def.'s Mot. Dismiss 3 ("Plaintiff never alleges exhaustion of the Inmate Grievance Procedure. In fact, Plaintiff only alleges 'complaining' to Defendants and contracted medical staff . . ."). As this Court noted, however, such a pleading is not a requirement. *Jackson*, slip op. at 5. This Court did not find that there is no genuine issue of material

fact, but instead incorrectly determined that affidavits outside of the pleadings may be explored pursuant to a 12(b)(6) dismissal, even where there is no jurisdictional question at hand. This determination is incorrect as a matter of law and should be reconsidered.

Because exhaustion need not be plead by Mr. Jackson, and because this Court may not consider evidence beyond the pleadings in ruling on a motion under Rule 12(b)(6) (absent a jurisdiction question tied to the exhaustion requirement), the summary judgment standard applies to the issue of exhaustion. Accordingly, there remains a genuine issue of material fact on the issue of exhaustion that must be resolved through further litigation.

### III.   THIS COURT SHOULD RECONSIDER ITS DECISION TO DISMISS PLAINTIFF'S EIGHTH AMENDMENT CLAIMS BECAUSE IT IMPERMISSIBLY CONSIDERED EVIDENCE BEYOND THE PLEADINGS.

Rule 12(b)(6) allows for the dismissal of claims that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This Court may dismiss a claim pursuant to Rule 12(b)(6) only if it assumes all of the alleged facts to be true, draws all inferences in Plaintiff's favor and determines that Plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). This Court may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint, and matters of which it may take judicial notice (such as those relating to jurisdiction). *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

In ruling that Mr. Jackson's Amended Complaint must be dismissed for failure to state a claim upon which relief could be granted, this Court stated that Mr. Jackson's "amended complaint alleges a serious medical need," *Jackson*, slip op. at 12; however, it went on to base its conclusion that Mr. Jackson had failed to state a claim on documents

submitted by Mr. Jackson with his response to Defendant's Motion. *Id.* at 12–13. These documents may not be considered under a motion to dismiss and this Court must reconsider its dismissal using the proper summary judgment standard, acknowledging that there remains a genuine issue as to material fact and that Mr. Jackson has requested in his Response that he be permitted to submit additional evidence to prove his allegations. Pl.'s Resp. 1. This Court, under Rule 56(f), is directed either to deny summary judgment or allow for a continuance so that Mr. Jackson may obtain the materials that he requires to demonstrate his case. As Mr. Jackson was proceeding pro se at the time he filed his Response, he was at a particular disadvantage in obtaining the information that he required.

IV. **PLAINTIFF STATES A CLAIM UNDER THE EIGHTH AMENDMENT BY ALLEGING THAT DEFENDANTS' DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS CAUSED HIM SUBSTANTIAL HARM AND RISK OF HARM, EVEN WHERE DEFENDANT LATER CHANGED ITS COURSE OF ACTION AFTER THE HARM HAD BEEN SUFFERED.**

Even if the Court were able to consider evidence outside of the complaint in dismissing Mr. Jackson's claims under Rule 12(b)(6), it is incorrect to conclude that Defendants' eventual, if delayed, provision of medical services negates any claim Mr. Jackson may have for the pain and suffering he endured while CCA and its staff deliberately withheld medical treatment and habitable living quarters. In dismissing Mr. Jackson's Complaint under Rule 12(b)(6), this Court concluded that the fact that CCA eventually provided medical care and habitable living quarters, regardless of how delayed the corrective action was, "undercut Plaintiff's assertion that CCA employees acted or failed to act with deliberate indifference to Plaintiff's medical needs." *Jackson*, slip op. at 13. A complaint, however, may not be dismissed under Rule 12(b)(6) because the claims therein are "undercut" by extrinsic evidence.

Again, the appropriate standard of review for a motion to dismiss assumes the facts of the complaint to be true, draws all reasonable inferences in favor of the plaintiff, and asks whether the plaintiff may establish any set of facts consistent with his allegations. *Bell Atl. Corp.*, 127 S.Ct. at 1969. These already liberal requirements are applied with even more leeway to plaintiffs, such as Mr. Jackson, proceeding pro se. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In its Order, this Court made no such determination, but based its dismissal on evidence beyond the pleadings and concluded that Mr. Jackson's allegations had been "undercut" by this extrinsic evidence and therefore warranted dismissal  Such a misapplication of well-settled law works an injustice against Mr. Jackson and this Court should reconsider its dismissal of Mr. Jackson's complaint on this ground.

## V. PLAINTIFF'S PRO SE COMPLAINT ADEQUATELY ALLEGES THAT DEFENDANT CCA FOLLOWED A CUSTOM OR POLICY OF DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS

As this Court stated in its opinion, a corporation is treated as a municipality for purposes of adjudicating Section 1983 claims brought against them. *Gabriel v. Corr. Corp. of Am.*, 211 F.Supp.2d 132, 138 (D.D.C. 2002). Therefore, plaintiffs must show that it was a policy or custom of the corporation that led to its employees various acts of deliberate indifference to serious medical needs. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978) (holding that the alleged unconstitutional action of a municipality must implement or execute a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers).

In addition to liberal standards in favor of plaintiff's regarding any motion to dismiss pursuant to Rule 12(b)(6), which require courts to draw all inferences that can be derived from the facts alleged in a complaint, *Kowal*, 16 F.3d at 1276, pro se

complaints are held to even less stringent standards, however inartfully they may be plead. *Haines*, 404 U.S. at 520.

Here, while Mr. Jackson did not use explicit legal terminology alleging a policy of indifference to serious medical needs in his complaint, an inference that such a policy existed may easily be drawn from the numerous instances in which Mr. Jackson was denied proper care or safe quarters with the inexplicable failure of senior members of CCA staff to offer any timely remedy to the problems.

## CONCLUSION

For the reasons set forth above, Mr. Jackson respectfully requests that the Court grant his motion for reconsideration to allow this Court to give proper consideration to his claims of negligence and to consider his Eighth Amendment claims under the proper standards for summary judgment and dismissal of pro se complaints.

Dated:  July 12, 2007                      Respectfully submitted,

/s/ Michael Nadel

Michael S. Nadel, D.C. Bar #470144
Eric J. Conn, D.C. Bar #490321
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C.  20005
(202) 756-8000

*Attorneys for Plaintiff Raymond G. Jackson*