## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAYMOND G. JACKSON,

               Plaintiff,

    v.

CORRECTIONS CORPORATION OF
AMERICA, et al.,

               Defendants.

Civil Action No. 06-1241-CKK

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF RAYMOND G. JACKSON'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 27, 2007 ORDER**

Defendant Corrections Corporation of America ("CCA") opposes Plaintiff's Motion for Reconsideration of the Court's June 27, 2007 Order, for the reasons set forth in that Order, the briefing on Defendant CCA's Motion to Dismiss, and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

As a preliminary matter, Plaintiff did not confer with opposing counsel on his non-dispositive motion, as required by LCvR 7(m).  This alone is grounds to deny Plaintiff's Motion.[1]

Furthermore, Plaintiff's Motion was submitted by his "Court-Appointed Mediation Counsel," who only entered an appearance for the limited purpose of mediation.[2]  The Guidelines for Court-Appointed Mediation Counsel specify that Appointed Mediation Counsel

---

[1] *See Center for Auto Safety and National Highway Traffic Safety Admin.,* 93 F.Supp.2d 1, 12 (D.D.C. 2000).

[2] *See* Notice of Appearance of Michael S. Nadel and Eric J. Conn for the Limited Purpose of Mediation, Dck # 38, April 9, 2007.

may enter their appearance as counsel of record for the party for the purposes of resolving the

case on the merits, and will be deemed an appointment of counsel, provided such appearance is

entered within 30 days after the termination of the mediation process.[3]  However, as of the date

of filing Plaintiff's Motion for Reconsideration, none of the criteria established by LCvR

84.7(d)(1) for the completion of the mediation process has been met.  To the extent that

Mssrs. Nadel and Conn do not yet represent Plaintiff the Motion is improper under FED. R. CIV.

P. 11(a) in that it is not signed by Plaintiff.

## I.    LEGAL STANDARD

This Court's November 20, 2006 Scheduling Order limits Motions for Reconsideration to

no more than ten pages and requires that the Motion only be filed when the requirements of FED.

R. CIV. P. 59(c) and/or 60(b) are met.[4]  While motions for reconsideration of interlocutory orders

"are within the discretion of the trial court,"[5] this Court in its Scheduling Order said such

motions will not be granted.

CCA contends that the Court's June 27, 2007 Order is a final appealable order, as it

dismisses CCA from all claims brought by Plaintiff.  Because it is a final Order, FED. R. CIV. P.

54(b) and 59(e) are the incorrect standards for considering Plaintiff's Motion for

Reconsideration.  Plaintiff should be using the criteria in FED. R. CIV. P. 60(b).  Plaintiff fails to

submit supporting affidavits demonstrating a mistake, inadvertence, surprise, or excusable

neglect by Plaintiff; any evidence newly discovered by Plaintiff; fraud, misrepresentation and

other misconduct of Defendants; a void judgment; nor, a judgment which has been satisfied.[6]

---

[3] "Guidelines for Court-Appointed Mediation Counsel" attached and incorporated into March 13, 2007 Order of Appointment of Counsel for the Limited Purpose of Mediation.
[4] November 20, 2006 Scheduling Order at 5.
[5] *Lewis v. United States*, 290 F.Supp.2d 1,3 (D.D.C. 2003)(internal quotation marks and citation omitted).
[6] Fed. R. Civ. P. 60(b)(6) also includes a catch all provision authorizing relief from a judgment

"To obtain Rule 60(b) relief, the movant must give the [Court] reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."[7]  Here, Plaintiff fails to establish that he is likely to succeed on the merits, but only states that if his Motion is granted he intends to seek leave to file a Second Amended Complaint.  Denial of a Rule 60(b) motion for reconsideration is proper where the movant fails to "at least establish a potentially meritorious claim or defense which, if proven, would bring success in its wake."[8]  Plaintiff presents no evidence or argument to establish a meritorious claim.

Upon a review of a motion to reconsider the Court does not have unfettered discretion to revisit its prior conclusions, but is "limited by the law of the case doctrine, and subject to the caveat that, where litigants have once battled for the [C]ourt's decision, they should neither be required, nor without good reason permitted, to battle for it again."[9]  Plaintiff's Motion is nothing more than his attempt to relitigate settled issues.

Plaintiff relies on Rule 54(b) in support of his Motion.  Rule 54(b) permits a court discretion to revisit interlocutory orders "where the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has

---

for "any other reason" for which such relief is justified.  However, this provision should be invoked only rarely in extraordinary circumstances.  *Computer Professionals for Social Resp. v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996), *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233 (1995).  *See Liljeburg v. Health Srvcs. Acquisition Corp.*, 486 U.S. 847, 964 (1988) (Rule 60(b)(6) "provides courts with authority adequate to enable them to vacate judgments whenever such actions is appropriate to accomplish justice," but that the provision "should only be applied in extraordinary circumstances.")  Plaintiff's Motion fails to demonstrate any such extraordinary circumstances sufficient to entitle him to review under Rule 60(b)(6).

[7] *Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006)(internal quotation marks and citation omitted).

[8] *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995).

[9] *Judicial Watch v. Dep't of Army*, Civ. No. 04-301, 2006 WL 3600329, at *7 (D.D.C. December 12, 2006)(internal quotation marks and citation omitted.)

made an error not of reasoning but of apprehension."[10]  No where in Plaintiff's argument does he contend that the Court misunderstood him.  Plaintiff also cannot contend that the Court's June 27, 2007 Memorandum Opinion contained any decision outside the adversarial issues presented by Defendant CCA.  Apparently, Plaintiff contends the Court made an error of apprehension by its "failure to consider controlling decisions or data that might reasonably be expected to alter the conclusion of the court."[11]  The Court, however, correctly decided this case for the reasons set forth in Section II, *infra*.

Plaintiff also seeks relief pursuant to Rule 59(e).  There is a "high standard for relief under Rule 59(e)"[12] which Plaintiff does not achieve.  In his Motion, Plaintiff suggests that reconsideration is warranted to correct a clear error or prevent manifest injustice.  Plaintiff, however, fails to set forth any error or manifest injustice which results from the Court's decision.  Plaintiff fails to acknowledge that "a Rule 59(e) motion to reconsider is not an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories and arguments that could have been advanced earlier."[13]  Indeed, the very case cited by Plaintiff holds that Rule 59(e) motions may not simply "rely on the same arguments … originally made".[14]  Plaintiff obtained an extension of time to respond to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.  Plaintiff's mediation counsel appeared eight weeks prior to the day Plaintiff submitted his opposition.  While Defendant CCA believes it would have been improper for appointed counsel to submit an opposition on behalf of Plaintiff, nothing in the Court's rules prohibited them from assisting him with the arguments or citation to

---

[10] *Singh v. George Washington Univ.,* 383 F.Supp.2d 99,101 (D.D.C. 2005).
[11] *Id.*
[12] *Jung v. Ass'n of Am. Med. Coll.*, 184 Fed. Appx. 9, 13 (D.C. Cir. 2006).
[13] *Frest Kist Produce, LLC v. Choi Corp.,* 251 F.Supp.2d 138, 140 (D.D.C. 2003)(internal quotation marks and citations omitted).
[14] *Messina v. Krakower*, 439 F.3d 755, 759 (DC. Cir. 2006).

1802094.1

legal authority.  Had they done so, however, the result would have been no different.  Since

Plaintiff fails to show any reason why he could not have raised the arguments in his Opposition

to CCA's Motion, the request for reconsideration should be denied.

## II.     FAILURE TO CONSIDER PLAINTIFF'S NEGLIGENCE CLAIMS IS NOT MISAPPREHENSION, CLEAR ERROR OR MANIFEST INJUSTICE.

In CCA's Motion to Dismiss, CCA asked the Court to dismiss Plaintiff's common-law

medical negligence claims.[15]  Defendant is firm in its conviction that Plaintiff cannot sustain a

medical negligence claim against it, as CCA owes no legal duty of medical care to him.  The

Court had discretion to consider Plaintiff's medical negligence claims.  While Plaintiff contends

that the law applies a uniform standard of care for negligence actions, Plaintiff overlooks the fact

that the standard of care only applies when there is a duty of care.  Here, CCA does not provide

medical care to inmates at CTF and, therefore, had no duty to meet a standard of medical care.

The Court has subject matter jurisdiction of Plaintiff's 42 U.S.C. § 1983 claims and may

exercise jurisdiction over the medical negligence claims under its supplemental jurisdiction.  28

U.S.C. § 1367.  Pendant jurisdiction is a doctrine of discretion, not of plaintiff's right.[16]  The law

clearly provides that the values of judicial economy, convenience, fairness, and comity should be

considered at every stage of the litigation, when determining whether or not to exercise pendant

jurisdiction.  "When the federal-law claims have dropped out of the lawsuit in its early stages

and only state-law claims remain, the federal court should decline the exercise of jurisdiction by

dismissing the case without prejudice."[17]  Here, the Court decided not to exercise its discretion to

retain pendant jurisdiction over the medical negligence claims.  This result is particularly

---

[15] Defendant CCA's Motion to Dismiss or, in the Alternative, for Summary Judgment, at 13-14.
[16] *Mine Workers v. Gibbs*, 373 U.S. 715, 726 (1966).
[17] *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).  *See Gibbs*, 383 U.S. at 726 ("if the federal claims are dismissed before trial … the state claims should be dismissed as well.")

appropriate since Plaintiff filed suit in the District Court, rather than filing it in the Superior

Court for the District of Columbia.

### III.    THE ISSUE OF EXHAUSTION WAS APPROPRIATELY RESOLVED

Defendant CCA moved to dismiss or, in the alternative, for summary judgment on the

basis that Plaintiff's Amended Complaint failed to comply with 42 U.S.C. 1997e(a).  Defendant

provided uncontroverted evidence that Plaintiff failed to exhaust administrative remedies with

respect to his mattress and flooded cell claims.

Neither Defendant CCA's Motion, nor the Court's Order, was based on the premise that

Plaintiff was required to plead exhaustion.  Rather, Defendant's presented uncontroverted proof,

in the Affidavit of Joyce Allen, to which the Court cited, that Plaintiff failed to exhaust his

flooded cell and second mattress claims.  The Court dismissed those two claims on that basis,

and also considered that Plaintiff's pleadings failed to allege a genuine issue of material fact with

regard to exhaustion.

Plaintiff has benefited from being held to lower standard afforded pro-se litigants as he

was excused from his failure to comply with LCvR 7.1(h) and 56.1 requiring him to provide a

statement of disputed facts in opposition to CCA's Motion to Dismiss, or in the Alternative, for

Summary Judgment.  None of the documents attached to Plaintiff's Opposition refuted

paragraphs 15 and 16 of Defendants Statement of Uncontroverted Material Facts.  Where there

remained a dispute, such as regarding Plaintiff's bottom bunk and medication claims, the Court

declined to dismiss those claims based on 42 U.S.C. § 1997e(a).  Even here, Plaintiff still fails to

suggest that a disputed fact exists relating to the exhaustion of administrative remedies.

### IV.    THE COURT WAS NOT REQUIRED TO ALLOW ADDITIONAL DISCOVERY
UNDER RULE 56(f) RELATING TO PLAINTIFF'S EIGHTH AMENDMENT
CLAIMS

The Court ruled that sufficient, undisputed, evidence was submitted *by Plaintiff* to

demonstrate that CCA employees did not act with deliberate indifference with respect to Plaintiff's bottom bunk, medication, and ventilation needs.  Defendant also provided affirmative confirmation of Plaintiff's evidence.  The Court properly applied the holdings of *Brooks v. District. of Columbia*[18] and *Steele v. District of Columbia Housing Auth.*[19] which both held that a defendant who takes affirmative steps to remedy a grievance is not deliberately indifferent. Here, Defendant's took action once the matter was grieved by Plaintiff, and the situation was remedied.

Plaintiff does not argue the Court improperly applied this legal standard, and does not show how any additional discovery could dispute the fact that CCA took affirmative steps to remedy Plaintiff's bottom bunk, medication, and ventilation claims.  While it may be true that Plaintiff alleged a serious medical need, a serious medical need alone does not state an Eighth Amendment claim under *Farmer v. Brennan*.[20]  Additional evidence will bolster Defendant's position by showing it took action on Plaintiff's claims once raised by Plaintiff lending more credence to a lack of deliberate indifference.

## V.    PLAINTIFF NEVER ALLEGED DELIBERATE INDIFFERENCE

Plaintiff's Eighth Amendment claims were limited to the following sentence.  "This was all medical negligence and Eighth Amendment violation of cruel and unusual punishment."[21] Plaintiff now to ignores the fact the Court recognized Defendant's Motion as being, in the alternative, a Motion for Summary Judgment.  A Motion for Summary Judgment entitles the Court to use evidence outside the pleadings though the Court did not need to do so.

Defendants argued there was no possibility that Plaintiff could "allege facts sufficient to

---

[18] No. 05-362, 2006 WL 3361521, at *9  (D.D.C. November 20, 2006)
[19] No. 02-1420, 2006 WL 335770, at *14 (D.D.C. February 14, 2006)
[20] 511 U.S. 825, 837 (1994).
[21] Amended Complaint at 2.

1802094.1

establish that Defendant possessed a total unconcern for his welfare."[22]  In fact, Defendant

pointed out that Plaintiff's Complaint and Amended Complaint admit that CCA resolved

Plaintiff's bottom bunk, medication, and ventilation concerns.  When a defendant is aware of and

responds reasonably to a risk, they shall "be found free from liability."[23]  The Court's decision

correctly applied the law, without error or mistake, and noted that it "need not 'accept inferences

drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint."[24]

Here, the facts set forth in the Amended Complaint, override any inference of deliberate

indifference.

## VI.    PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A *MONELL* CLAIM

Plaintiff argues that the Court should not consider extrinsic evidence when granting

CCA's Motion, but now expects the court to infer from the pleadings an allegation of a custom

and practice of deliberate indifference by CCA.

This argument is largely irrelevant.  Even if Plaintiff had alleged a municipal custom and

practice, the result would have been the same, as Plaintiff failed to exhaust administrative

remedies with respect to his second mattress and flooded cell claims.  Plaintiff can make no

showing of deliberate indifference with respect to his bottom bunk, medication, and ventilation

claims without showing exhaustion.  Further, the evidence shows CCA taking action upon

Plaintiff's grievance and resolving the issues.

Even though pro se litigants are afforded a relaxed pleading standard, they are not exempt

from setting forth a claim in their pleadings.  The Court correctly read Plaintiff's Amended

---

[22] Defendant CCA's Motion to Dismiss at 11 (*citing Pryor-El v. Kelley*, 892 F. Supp. 261, 268 (D.D.C. 1995).
[23] *Id.* at 12 (citing *Farmer v. Brennan* 511 U.S. 825, 844 (1994).
[24] June 27, 2007 Memorandum Opinion at 3 (*citing Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Complaint and noted that the Amended Complaint contained nothing which "articulates such a policy or custom or its connection to the injuries Plaintiff allegedly suffered."[25]  As such, dismissal is appropriate under Rule 12(b)(6), without reference to extrinsic evidence.  To the extent the Court declined to grant Defendant's Motion to Dismiss with prejudice, no manifest injustice could possibly result.

      WHEREFORE, CCA respectfully requests this Court deny the Motion for Reconsideration.

Dated: July 23, 2007

                                                  s/Timothy J. Bojanowski
                                                  Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387


Paul J. Maloney (D.C. Bar No. 362533)
Mariana Bravo (D.C. Bar No. 473809)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

*Attorneys for Defendant Corrections Corporation of America*

---

[25] Memorandum Opinion at 14.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Defendant Corrections Corporation of America's

Defendant Corrections Corporation of America's Memorandum in Opposition to Plaintiff

Raymond G. Jackson's Motion For Reconsideration of the Court's June 27, 2007 Order was

electronically filed, this 23rd day of July 2007 and a copy mailed, first-class postage pre-paid to:

Raymond G. Jackson
1111 Oates Street, N.E.
Washington, DC 20002
*Plaintiff Pro Se*

Michael N. Nadel, Esq.
Eric J. Conn, Esq.
MCDERMOTT WILL & EMERY, LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
*Court-appointed mediation counsel for Plaintiff*

Shana L. Frost, Esq.
Assistant Attorney General
Office of the Attorney General
441 4th Street, N.W., 6SO51
Washington, D.C. 20001
*Counsel for CCA*

_____s/Dianne Clark_____

1802094.1