UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND G. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 06-1241 (CKK) |

MEMORANDUM OPINION AND ORDER

Plaintiff, a former inmate proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights under the Eighth Amendment were violated while he was incarcerated at the District of Columbia Correctional Treatment Facility ("CTF"). The amended complaint names as Defendants the Corrections Corporation of America ("CCA") and the Center for Correctional Health Policy and Studies ("CCHPS"). On June 27, 2007, the Court granted CCA's motion to dismiss or, in the alternative, for summary judgment. The Court held that some of plaintiff's claims were dismissed for failure to exhaust administrative and that, in any event, Plaintiff had not stated a sufficient Eighth Amendment claim against CCA.

Plaintiff now moves for reconsideration of that Order. As grounds for the motion, Plaintiff states that the Court (1) did not address his negligence claim; (2) improperly relied on matters outside the pleadings in ruling on the exhaustion issue; (3) erred in finding a lack of exhaustion because there was a genuine issue of material fact; (4) improperly considered matters outside the pleadings in assessing a motion under Fed. R. Civ. P. 12(b)(6); (5) improperly dismissed claims

based on extrinsic evidence; and (6) failed to give Plaintiff the favorable inferences required when viewing a *pro se* complaint. Plaintiff brings the motion pursuant to Federal Rules of Civil Procedure 54(b) and 59(e).

Defendant CCA has filed a response, addressing the merits, but also alleging that Plaintiff has failed to comply with the Local Rules of this Court and the Federal Rules of Civil Procedure. First, Plaintiff's motion does not comply with the local rule that requires a movant to consult with opposing counsel prior to filing a motion. *See* LCvR 7(m). Plaintiff has not disputed defense counsel's claim that Plaintiff did not consult prior to filing the motion for reconsideration. If a party files a non-dispositive motion without complying with Rule 7(m), the motion can be denied on that basis alone. *Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 102 (D.D.C. 2006); *Alexander v. FBI*, 186 F.R.D. 185, 187 (D.D.C. 1999).

Defendant also notes that although Plaintiff is proceeding *pro se*, the reconsideration motion was filed by a licensed attorney who has been appointed by the Court for the limited purpose of mediation. Defendant argues that the pleading had to be signed personally by Plaintiff.

Federal Rule of Civil Procedure 11(a) provides that a party not represented by an attorney must sign any written motion. "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." *Id.* Plaintiff's mediation counsel has not entered his appearance to represent Plaintiff for all purposes of this litigation. As such, Plaintiff was required to sign the reconsideration motion. He has not done so, even after being advised of this defect by opposing counsel. Therefore, the Court may strike the pleading.

Despite these rules violations by Plaintiff, the Court will consider the merits of his motion.

Plaintiff moves for reconsideration pursuant to Fed. R. Civ. P. 54(b), which provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." An interlocutory decision may be reconsidered "as justice requires." *Hudert v. Alion Science and Tech. Corp.*, No. 05-545, 2007 WL 666567, at *1 (D.D.C. Mar. 2, 2007) (citation omitted); *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000).

The resolution of a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is a matter of the Court's discretion and "need not be granted unless the [Court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal quotation marks and citation omitted). "[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories or arguments that could have been advanced earlier." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F.Supp.2d 138, 140 (D.D.C. 2003) (internal quotation marks and citations omitted). "While the [C]ourt has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." *Fresh Kist Produce*, 251 F. Supp. 2d. at 140 (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). However, such a motion must be filed no later than 10 days after entry of judgment. Plaintiff's motion is untimely under Rule 59(e).

Rule 60(b) provides, in pertinent part, that "upon such terms as are just, the court may

relieve a party ... from a final judgment, order, or proceeding [where] ... it is no longer equitable that the judgment should have prospective application; or [for] any other reason justifying relief from operation of the judgment." Fed. R. Civ. P. 60(b). For such a motion to be granted, there must be a "significant change in circumstances." *Hammond v. Kempthorne*, 448 F.Supp.2d 114, 119 (D.D.C. 2006) (quoting *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992)).

Plaintiff's first objection to the Court's Order can be easily resolved. Plaintiff claims that the Court did not address the merits of his negligence claim. The Court did not consider a common law negligence claim for the simple reason that there was no separate negligence claim alleged by Plaintiff; instead the amended complaint states that the jail's medical negligence constituted an Eighth Amendment violation. *See* Am. Compl. at 2. Plaintiff has not explicitly stated a separate negligence claim and the Court could not reasonably infer such a claim.

The remainder of Plaintiff's reconsideration motion, when not merely restating arguments already considered and rejected in the earlier Order, alleges that the Court improperly considered matters outside the pleadings. Plaintiff's argument is without merit because Defendant CCA's motion was one for dismissal or, in the alternative, for summary judgment. Plaintiff was advised by the Court that:

> Because defendant has filed a motion for summary judgment, plaintiff is also advised that the Court will accept as true "any factual assertions in the [defendant's] affidavits" unless plaintiff "submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)(quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).
>
>> Rule 56(e) of the Federal Rules of Civil Procedure provides specifically that Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be

>attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgement, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus parties such as plaintiff, against whom a motion for summary judgment has been filed, must rebut the moving party's affidavits with other affidavits or sworn statements. Simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, however, a verified complaint will serve as an affidavit. *See Neal*, 963 F.2d at 457-58.

[Docket # 35].

Plaintiff was fully on notice that the Court would consider exhibits and affidavits in resolving Defendant's motion. In fact, Plaintiff himself provided exhibits in support of his positions. It was proper for the Court to consider matters outside the pleadings.[1]

Because Plaintiff has failed to provide any factual or legal basis for reconsideration of the Court's June 27, 2007 Order, it is

ORDERED that Plaintiff's Motion for Reconsideration [48] is DENIED.

DATE: Aug. 19, 2007

COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[1] Plaintiff alleges that the Court failed to make the "appropriate inferences from the facts" when evaluating his *pro se* complaint. In the Memorandum Opinion addressing the Defendant's motion, the Court stated: "*[P]ro se* complaints are held to 'less stringent standards than formal pleadings drafted by lawyers.' *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* pleading is to be liberally construed by the Court. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citation omitted). Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and the Court "will grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal*, 16 F.3d at 1276.